UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| NATHANIEL D. MILLER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHARLES G. HART, Jail )<br>Commander, *et al.*, )<br>)<br>Defendants. ) | CAUSE NO. 1:09-CV-0339 WL |

OPINION AND ORDER

Nathaniel Miller, a prisoner confined at the Westville Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that Jail Commander Charles Hart and Confinement Officer McNeely violated his federally protected rights while he was confined at the Allen County Jail in 2007 and 2008. Pursuant to 28 U.S.C. § 1915A(a), the court shall review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The court must dismiss an action against a governmental entity or officer or employee of a governmental entity if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(b).

In his complaint in this case, Miller alleges that defendants Hart and McNeely denied him access to the courts in violation of the First, Fifth, and Fourteenth Amendments to the United States Constitution. He alleges that

defendant Hart denied him access to the Allen County Jail law library and that he "was incarcerated more than a year without any access to legal research to file my post-conviction" petition. (DE 1 at 3). He alleges that Officer McNeely confiscated legal material preventing him from filing documents with the court.

Although he did not mention it in his current complaint, the records of this court establish that Miller has filed two previous civil complaints in this court dealing with denial of access to the law library by Jail Commander Hart,[1] one of which also named Officer McNeely as a defendant. These are *Nathaniel D. Miller v. Charles G. Hart, Jail Commander,* 1:08cv107 RM and *Nathaniel D. Miller v. Charles G. Hart, Jail Commander, et al.,* 1:09cv252 TLS. The complaint in 1:08cv107 RM was dismissed on the merits pursuant to 28 U.S.C. § 1915A(b)(a). The complaint in 1:09cv252 TLS restates the claims against Hart found in 1:08cv107 RM and adds a claim against Officer McNeely. That complaint was dismissed because it appeared that Miller did not get a copy of the order dismissing 1:08cv107 RM, and the court directed the clerk to transfer the filings in 1:09cv252 TLS to 1:08cv107 RM.

In his complaint in 1:08cv107 RM, Miller alleged:

> that Mr. Hart deprived him of meaningful access to the courts by denying him access to the facility's law library. According to the complaint, he was at the Allen County Jail over a year but was unable to "acquire legal support critical to [his] defense and

---

[1] Indeed, Miller specifically denied having presented his claims to the court in an earlier complaint. Section IV of the plaintiff's complaint entitled "previous lawsuits" asks "have you ever sued anyone for the same things you wrote about in this complaint." (DE 1 at 4). Miller checked the box labeled "NO." (*Id.*).

2

> post-conviction matters." (Complaint at p. 3). He states that he is represented by counsel on criminal charges but states that he has "a signed communication from appointed counsel stating the above mentioned are not a part of his responsibilities." (Complaint at p. 3).

*Miller v. Hart, et al.,* 1:08cv107 RM (DE 7 at 3). In his complaint in 1:09cv252 TLS. Miller reiterated his claim against Jail Commander Hart and stated that Officer McNeely "confiscated legal materials preventing me from filing my documents with the court." 1:09cv252 TLS, DE 1 at 2).[2]

On July 31, 2008, Chief Judge Miller of this court signed an order dismissing Miller's complaint in 1:08cv107 RM, *Miller v. Hart, et al.,* 1:08cv107 RM (DE 7) and judgment was entered against Miller on August 4, 2008. (*Id.* DE 8). Miller did not appeal the judgment against him in 1:08cv107 RM.

> Under the doctrine of *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. The three requirements for *res judicata* under federal law are: (1) an identity of the parties or their privies; (2) an identity of the causes of actions; and (3) a final judgment on the merits. If these requirements are fulfilled, *res judicata* bars not only those issues which were actually decided in a prior suit, but also all issues which could have been raised in that action. Simply put, the doctrine of *res judicata* provides that, when a final judgment has been entered on the merits of a case, it is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.

---

[2] Officer McNeely was not named in the original complaint in 1:08cv107 RM, but was added to the docket in that case "pursuant to Order dated 9/10/09."

*Highway J Citizens Group v. United States DOT*, 456 F.3d 734, 741 (7th Cir. 2006) (quotation marks and citations omitted).

Comparison of the complaints in this case and 1:08cv107 RM establishes that Jail Commander Hart, one of the defendants named in his present complaint, was also named as a defendant in 1:08cv107 RM, and that both complaints are based on the same operative facts. Officer McNeely was not named as a defendant in the original complaint in 1:08cv107 RM, but the claims against Officer McNeely could have been brought in 1:08cv107 RM. Indeed, in 1:09cv252 TLS, Miller put his claims against Hart and McNeely in the same complaint. The doctrine of *Res Judicata* "bars not only those issues which were actually decided in a prior suit, but also all issues which could have been raised in that action." *Highway J Citizens Group v. United States DOT*, 456 F.3d at 741.

The docket in 1:09cv107 RM establishes that the court dismissed the complaint on the merits pursuant to 28 U.S.C. § 1915A(a). Thus these two complaints have an identity of the parties and of the operative facts, and the final judgment in 3:09cv71 JVB was on the merits. Accordingly, all of the elements necessary for the doctrine of *res judicata* are present.

For the foregoing reasons, pursuant to 28 U.S.C. § 1915A(b)(1), the court DISMISSES this complaint.

SO ORDERED.

DATED: December 4, 2009

s/William C. Lee
William C. Lee, Judge
United States District Court